# United States Court of Appeals for the Fifth Circuit

————————

No. 25-50590
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANTE DELRAY VECERA,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:24-CR-521-1

————————————————————————

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Dante Delray Vecera was convicted of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and sentenced to 125 months' imprisonment. On appeal, he argues that § 922(g)(1) is unconstitutional both on its face and as applied to him under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He also contends that the statute exceeds

————————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50590

Congress's authority under the Commerce Clause. Vecera concedes, however, that each of these arguments is foreclosed. The Government has moved for summary affirmance or, alternatively, for an extension of time to file its brief.

The parties are correct that Vecera's facial challenge to § 922(g)(1) is foreclosed. *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). His as-applied challenge is likewise foreclosed. *See United States v. Alaniz*, 146 F.4th 1240, 1241-42 (5th Cir. 2025). And his Commerce Clause challenge is foreclosed as well. *See United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023). Summary affirmance is therefore appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file a brief is DENIED as unnecessary, and the district court's judgment is AFFIRMED.